UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-cv-166-FDW

| HA NASI YISREAL, | ) |
| OMAR R. DUNN, | ) |
| MARQUIS J. JENKINS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) ORDER |
| v. | ) |
| | ) |
| LARRY DUNSTON, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiffs' complaint filed pursuant to 42 U.S.C. § 1983. See 28 U.S.C. § 1915A(a).[1] For the reasons that follow, Plaintiffs' complaint will be dismissed.

## I.   BACKGROUND

Plaintiffs, who are each proceeding pro se, are currently incarcerated in the Alexander Correctional Institution within this district. Plaintiffs have filed one complaint which was signed by each of them and they have moved this Court to certify them as a class for purposes of prosecuting their § 1983 complaint. In the complaint, and motion to amend the complaint, there are allegations regarding, among other things, conditions of confinement at Alexander Correctional and contentions that one or more of the Plaintiffs' rights to equal protection have been violated.

---

[1] The Court notes that each of the Plaintiffs have filed a motion to proceed *in forma pauperis* in this case.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(A)(a), "the court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary damages from a defendant who is immune from such relief." Id. § 1915A(b)(1) and (b)(2). Upon review, this Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## III. DISCUSSION

The Court finds that as Plaintiffs are each proceeding pro se, they may not sign on to the same complaint for a couple of reasons. First, after having reviewed the complaint and the motion to amend the complaint, the Court notes that it is nearly impossible to discern which allegations may apply to the individual plaintiffs. Second, Plaintiffs are not licensed to practice law in this district, and there is no indication that they are licensed to practice law in any other

district of North Carolina, or anywhere else for that matter. Accordingly, they may not sign on to the same complaint and purport to represent the legal interests of one another in a court of law. See LCvR 83.1; N.C. Gen. Stat. § 84-4 (prohibition on unauthorized practice of law).

Based on the foregoing, the Court finds that this civil action must be dismissed and Plaintiffs are advised that if they wish to proceed pro se in another civil action that they each must file their own complaint which must be signed solely by the individual plaintiff.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiffs' complaint is **DISMISSED**. (Doc. No. 1).

2. Plaintiffs' motions for a preliminary injunction and a temporary restraining order are **DISMISSED** as moot. (Doc. Nos. 2 and 18).

3. Plaintiffs' motion to appoint counsel is **DISMISSED**. (Doc. No. 19).

4. Plaintiffs' motion to certify class is **DISMISSED**. (Doc. No. 21).

5. Plaintiffs' motion for leave to file an amended complaint is **DISMISSED**. (Doc. No. 23).

6. Plaintiff Marquis J. Jenkins' motion to withdraw as plaintiff is **DISMISSED** as moot. (Doc. No. 26).

**IT IS SO ORDERED.**

The Clerk of Court is directed to close this civil case.

Signed: January 24, 2014

Frank D. Whitney
Chief United States District Judge