UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-cv-166-FDW

| | | |
|---|---|---|
| HA NASI YISREAL, | ) | |
| OMAR R. DUNN, | ) | |
| MARQUIS J. JENKINS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| LARRY DUNSTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff Yisreal's pro se motion for reconsideration of this Court's Order dismissing his 42 U.S.C. § 1983 action.

Plaintiff is a prisoner of the State of North Carolina and he and two fellow prisoners filed a § 1983 complaint challenging their conditions of confinement and argued that the North Carolina Department of Public Safety ("DPS") violated their federal statutory and constitutional rights in placing them in isolation from other prisoners based on the State's belief that they posed a threat to other prisoners. The Court found that Plaintiffs' complaint should be dismissed on initial review for failure to properly plead allegations that could be associated with the individual plaintiff. See 28 U.S.C. § 1915A(b)(1). (Doc. No. 27: Order). The Clerk entered judgment after the Order of dismissal was filed and no party appealed. Rather, Plaintiff filed the instant motion for reconsideration although the remaining Plaintiffs have failed to join in the motion. (Doc. No. 32).

With regard to motions to alter or amend a judgment under Rule 59(e), the United States

1

Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

The Court finds that Plaintiff has failed to satisfy either of the first two provisions identified above to support relief on his motion for reconsideration under Rule 59(e). The Court finds that Plaintiff has failed to satisfy the third provision as well. Plaintiff is complaining that his federal rights are being violated but his complaint makes clear that he is simply upset with the classification regulations that were implemented by DPS and his allegations appear to clearly establish that the DPS's motivation in segregating the Plaintiff and others is based on concerns for the safety of prisoners in Alexander Correctional Institution See Turner v. Safley, 482 U.S. 78, 89 (1987) ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.") (identifying four-part test for examination of prison regulations. In the present case, the Court finds that his

2

argument that his federal rights under the Eighth and Fourteenth Amendments have been violated is purely baseless and that the classification regulation appears reasonable when considered with the need to protect the inmates within Alexander Correctional Institution.

Based on the foregoing, Plaintiff's motion for reconsideration will be denied. So to his request for leave to file an amended complaint because (1) it would be futile because the decision to classify inmates in an effort to protect their safety through the use of the regulation which governs classification appears reasonable and (2) Plaintiff has not filed a motion for leave to file an amended complaint.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for reconsideration is **DENIED**. (Doc. No. 32).

Signed: September 29, 2014

Frank D. Whitney
Chief United States District Judge